THE STATE, THE ASSOCIATES OF THE JERSEY COMPANY, PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

THE NATIONAL STORAGE COMPANY, PROSECUTORS, v. SAME.

1. Payment of tax on the assessor's valuation of property will not deprive the tribunal of review, to which an appeal is given by statute, from discharging the duties imposed upon it by law.
2. Payment of tax to the collector before the time designated for the meeting of the commissioners of appeal in cases of taxation does not take from the commissioners, when they meet, the right to consider a complaint of under-valuation by the assessor and the power to add to the assessor's valuation.
3. Such payment is made, subject to the provisions of the statute giving the right to make complaint and to appeal, on the ground of under-valuation.
4. The money paid to the collector should be credited on the taxes as increased by the commissioners' valuation.

On *certiorari*.

Argued at June Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the prosecutors, *J. B. Vredenburgh.*

For the defendants, *J. A. Blair.*

The opinion of the court was delivered by

PARKER, J.   A tax was laid on certain lots of the prosecutors, situated in Jersey City, based on the valuation of the assessor, in the year 1884.   The assessor's duplicate in due time went to the board of finance and taxation, by which body it was passed on the 29th day of October, 1884.   On the next day it was delivered to the city collector.   On the 30th day of October the prosecutors paid the taxes to the collector according to the assessor's valuation.

At the meeting of the board of finance and taxation on the 12th day of December, 1884, a resolution was passed requesting the city collector to make complaint to the commissioners of appeal in cases of taxation concerning the under-valuation of said lots. After giving legal notice, the city collector did, on the 24th day of January, 1885, make a complaint to the commissioners of appeal in cases of taxation that the said property of the prosecutors had been assessed at too low a rate. After the examination of the complaint, the commissioners of appeal added the sum of $2000 to the valuation of each of said lots.

These writs of *certiorari* are prosecuted to set aside as illegal such action of the commissioners of appeal in cases of taxation.

A number of reasons are on file, but only one is urged and relied on by the prosecutors. It is insisted that the increased valuation is not legal and should be set aside because the prosecutors paid in full the taxes on the property upon the assessor's valuation before any proceedings were taken on the part of Jersey City to increase the valuation of the property.

By the general tax law (*Rev., p.* 1149, § 56) it is enacted "that if any person or persons, body politic or corporate, shall be assessed at too low a rate, or be omitted in the assessment, it shall be lawful, upon complaint made, for the commissioners of appeal in cases of taxation, after notice to the parties interested by the party complaining, and after due examination of the facts and consideration of the case, to make such addition to the assessment as shall be agreeable to the principles of justice, and that the judgment of the said commissioners shall be final and conclusive."

The time fixed by law for the first meeting of the commissioners of appeal in cases of taxation, is the fourth Tuesday of November, annually. Power is also given them to meet on other subsequent days, on notice. *Rev., p.* 1148, § 46. The first day on which complaint of under-valuation could be made to the commissioners of appeal in these cases was November

25th, 1884. In the meantime (October 30th), the tax, as fixed by the assessor's valuation, had been paid by the prosecutors.

Upon the above statement of facts the question arises whether payment of tax to the collector, after the duplicate has come in his hands, but before the time designated for the meeting of the commissioners of appeal in cases of taxation, takes from said commissioners, when they meet, the right to consider a complaint of under-valuation by the assessor, and the power to add to the assessor's valuation. If the question be answered in the affirmative, the section of the statute which empowers the commissioners to add to an assessment, would, in effect, be repealed. Such construction would give rise to gross injustice by taking away the power of appeal. The law does not contemplate making the judgment of the assessor final, upon the question of valuation.

Payment of taxes on the assessor's valuation will not deprive the tribunal of review, to which an appeal is given by the statute, from discharging the duties imposed upon it by law.

When the prosecutors paid the tax fixed on the assessor's valuation they knew of the provision in the statute, whereby complaint was authorized to be made to the commissioners of appeal in cases of taxation, of under-valuation of the property, and that they paid the money to the collector, subject to such provision of the law.

The tax receipt, delivered to the prosecutors at the time they paid the money, has upon it a printed notice to the effect that the commissioners of appeal in cases of taxation would, on the fourth Tuesday of November, 1884, meet at a certain hour and place therein stated, for the purpose of correcting erroneous assessments.

The taxes, as increased by the commissioners, should stand, and the money that was paid to the collector should be credited thereon.

The action of the commissioners of appeal in cases of taxation, in the case of the Associates of the Jersey Company

*v.* Jersey City, is affirmed; also in the case of the National Storage Company *v.* Jersey City.

For like reasons the same result has been reached in the case of the Pennsylvania Coal Company *v.* Jersey City.